UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN DEON TURNER, JR., <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM J. SULLIVAN, *et al.*, <br><br> Defendants. | Case No. 1:17-cv-01737-JDP <br><br> SCREENING ORDER <br><br> FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF PROCEED ON COGNIZABLE CLAIMS AND THAT NON-COGNIZABLE CLAIMS BE DISMISSED WITH LEAVE TO AMEND <br><br> OBJECTIONS, IF ANY, DUE IN 14 DAYS <br><br> (Doc. No. 1.) <br><br> ORDER TO ASSIGN DISTRICT JUDGE |

Plaintiff Steven Deon Turner, Jr., is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's complaint is before the court for screening under 28 U.S.C. § 1915A. (Doc. No. 1.) The undersigned finds that plaintiff has stated claims against defendants Busby, Johnson, Gray, and Gomez for retaliation in violation of the First Amendment and for conspiracy, and the undersigned recommends that plaintiff be permitted to proceed against these defendants; the court will authorize service of the complaint as to these defendants by separate order. The undersigned finds that plaintiff has failed to state claims against defendants Sullivan, Burgess, and Butler, and the undersigned recommends that claims against these individuals be dismissed with leave to amend.

1

## I. SCREENING AND PLEADING REQUIREMENTS

A district court is required to screen a prisoner's complaint that seeks relief against a governmental entity, its officer, or its employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2). The court must construe a pro se litigant's complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The short and plain statement "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555 (internal quotation marks omitted)). The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016) (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679.

## II. ALLEGATIONS

In October-November 2017, plaintiff was a state prisoner incarcerated at California Correctional Institution in Tehachapi, California ("CCI"). During the same timeframe, defendant William Joe Sullivan was warden of CCI, and defendants Busby, Johnson, Burgess, Butler, Gray, and Gomez were correctional sergeants or officers at CCI. (Doc. No. 1, at 1-2.)

Plaintiff alleges that the defendants conspired to violate his constitutional rights by setting him up for false disciplinary charges. He contends that, on October 31, 2017, defendants Gray and Gomez: (1) removed plaintiff from a group session, (2) handcuffed him, and (3) escorted him to receiving and release ("R&R"), where a strip search was performed. (*Id.* ¶ 14.) Thereafter

they placed plaintiff, who was wearing only a t-shirt and boxers, in a cage for four hours. (*Id*. ¶¶ 14, 21.) Defendants Busby and Johnson approached the cage and told plaintiff that "the reason you are in this cage is [because] [w]e got word that there's a cell phone in your cell. We are just going to search your cell, property . . . and return it and you back to the cell." (*Id*. ¶ 16.) Defendant Gray next approached the cage and informed plaintiff that dangerous contraband had been found in plaintiff's cell during the search. (*Id*. ¶ 17.) Plaintiff responded that "[w]hatever was found was put there by officers in this institution." (*Id*.) Defendant Gomez then told plaintiff to "leave this legal stuff alone." (*Id*. ¶ 18.) Plaintiff alleges that this comment and the defendants' actions on October 31, 2017 were retaliation for his "pending appeals, grievances, and litigation against individuals here and this institution here as a whole." (*Id*. ¶ 22.)

Days later, defendant Gray wrote a rules violation report for plaintiff based on the claimed discovery of dangerous property or contraband. (*Id*. ¶ 24.) As a result of this rules violation, plaintiff has been confined in a cell without access to the exercise yard or the law library for over 100 days. (*Id*. ¶ 25.) Plaintiff contends that the rules violation is false and part of a larger scheme to impede his legal work against CCI prison officials. (*Id*. ¶ 24.) Plaintiff further alleges that the defendants attempted unsuccessfully to coerce his former cellmate, Franklin, into participating in the scheme. (*Id*.)

Plaintiff sues each defendant in their individual and official capacities, and he requests damages and injunctive relief. (*Id*. at 6-7.)

**III. DISCUSSION**

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill*., 137 S. Ct. 911, 916 (2017). To state a claim under Section 1983, a plaintiff must allege that a defendant, while acting under color of state law, personally participated in the deprivation of a right secured by federal law. *See Soo Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017). A defendant personally participates in a deprivation "if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Atayde v. Napa State Hosp*., 255 F. Supp. 3d 978, 988 (E.D. Cal. 2017) (quoting *Lacey v.*

*Maricopa County*, 693 F.3d 896, 915 (9th Cir. 2012)). Vague and conclusory allegations of personal involvement in an alleged deprivation do not suffice. *Id.*

"Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior*." *Id.* Thus, when a plaintiff names a supervisor as a defendant, "the causal link between him or her and the claimed constitutional violation must be specifically alleged." *Id.* (citations omitted). A plaintiff can satisfy this requirement by alleging that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011).

## A. CONDITIONS OF CONFINEMENT

Plaintiff alleges that defendant Sullivan violated his right to be free from cruel and unusual punishment by forcing him to remain alone in a cell for over one hundred days. (Doc. No. 1 ¶ 32.) The mere placement in solitary confinement—standing alone—is insufficient to state an Eighth Amendment conditions of confinement claim. *See Salstrom v. Sumner*, 959 F.2d 241 (9th Cir. 1992). However, plaintiff also alleges that he has not been permitted to use the exercise yard or the law library while confined in solitary. (Doc. No. 1 ¶ 25.) This allegation implicates the cruel and unusual punishment clause of the Eighth Amendment.[1] *See Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996), *opinion amended on denial of reh'g*, 135 F.3d 1318 (9th Cir. 1998) ("Deprivation of outdoor exercise violates the Eighth Amendment rights of inmates confined to continuous and long-term segregation.").

Similarly, plaintiff has alleged facts that implicate the Due Process Clause of the Fourteenth Amendment. Conditions of confinement that pose an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life" implicate a protected liberty

---

[1] To state an Eighth Amendment conditions of confinement claim, a plaintiff needs to allege: (1) that he suffered a deprivation that was "objectively, sufficiently serious;" and (2) that prison officials were deliberately indifferent to his safety in allowing the deprivation to take place. *See Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006), *opinion amended on reh'g*, No. 04-35608, 2006 WL 3437344 (9th Cir. Nov. 30, 2006). The second prong is satisfied if the official subjectively knows of and disregards an excessive risk to inmate health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

4

interest requiring certain due process protections. *See Brown v. Oregon Dep't of Corr.*, 751 F.3d 983, 987 (9th Cir. 2014) (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). In evaluating the hardship, the court considers: "1) whether the challenged condition mirrored those conditions imposed upon inmates in administrative segregation and protective custody, and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence." *Id.* (quoting *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003)) (internal quotation marks omitted). "[T]he length of confinement cannot be ignored in deciding whether the confinement meets constitutional standards." *Hutto v. Finney*, 437 U.S. 678, 686-87 (1978) ("A filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months."). An inmate's indefinite confinement in harsh conditions can constitute an atypical and significant hardship. *See Wilkinson v. Austin*, 545 U.S. 209, 210-11 (2005) (inmates remained indefinitely in isolated cells for twenty-three hours each day with virtually no human contact). Here, plaintiff has alleged that he is being indefinitely held in solitary confinement without access to the exercise yard or the law library—which could constitute an atypical and significant hardship. (Doc. No. 1 ¶¶ 25-26.)

Although plaintiff has alleged actions potentially infringing his constitutional rights, he has not alleged facts indicating which defendant(s) personally participated in the actions. Plaintiff identifies defendant, William Joe Sullivan, CCI Warden, in paragraph 33 of the complaint, but makes at most vague and conclusory allegations about him—insufficient grounds for the court to conclude that defendant Sullivan "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d at 1045. Accordingly, the undersigned recommends that plaintiff's claims based on his conditions of confinement be dismissed without prejudice.

### B. RETALIATION AND CONSPIRACY

A prisoner has First Amendment rights to file prison grievances and to pursue civil rights litigation in the courts. *See Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). Plaintiff alleges that defendants Busby, Johnson, Gray, and Gomez acted in concert to create a false

5

disciplinary charge against plaintiff to force him to give up his pending appeals, grievances, and litigation against CCI prison officials. (Doc. No. 1 ¶¶ 18, 22, 31, 32.) Liberally construed, plaintiff's complaint states claims against these defendants for violation of plaintiff's First Amendment rights. *See Rhodes*, 408 F.3d at 567-68 ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.").

These same allegations also state a cognizable claim of conspiracy against the same defendants under § 1983. *See Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) (to state a § 1983 conspiracy claim, a plaintiff must allege an agreement or "meeting of the minds" to violate constitutional rights). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Id.*; *see also Mendocino Envtl. Ctr. v. Mendocino Cty.*, 192 F.3d 1283, 1301 (9th Cir. 1999) ("For example, a showing that the alleged conspirators have committed acts that are unlikely to have been undertaken without an agreement may allow a jury to infer the existence of a conspiracy." (internal quotations omitted)). To maintain a § 1983 conspiracy claim, a plaintiff must allege that an actual deprivation of his constitutional rights resulted from the alleged conspiracy. *See Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006). Plaintiff's allegation that defendants Busby, Johnson, Gray, and Gomez conspired to create a false disciplinary charge to force plaintiff to cease his protected First Amendment activity states a plausible claim for conspiracy. The court therefore recommends that First Amendment and conspiracy claims proceed against defendants Busby, Johnson, Gray, and Gomez.

In contrast, plaintiff has not alleged facts sufficient to state a claim against defendants Burgess and Butler. In the complaint, plaintiff describes an interaction in which plaintiff gave to Burgess and Butler a metal rod as big as his arm that plaintiff found on top of his locker. (Doc No. 1 ¶¶ 20-21.) Plaintiff does not allege how the interaction with defendants Burgess and Butler fits into the other defendants' scheme to retaliate against plaintiff. Accordingly, the undersigned

recommends that defendants Burgess and Butler be dismissed without prejudice.

## IV. LEAVE TO AMEND

Under Rule 15 of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Accordingly, the undersigned recommends that the court allow plaintiff to amend his complaint to cure the deficiencies identified above. *See Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). The undersigned recommends that plaintiff be granted leave to file an amended complaint within thirty (30) days of the date of service of the order adopting these findings and recommendations.

Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and must be complete in itself, without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be signed; should be titled "First Amended Complaint" in clear, bold type; and should refer to the appropriate case number.

## V. CONCLUSION AND ORDER

Under 28 U.S.C. § 636(c)(1), all parties named in a civil action must consent to a magistrate judge's jurisdiction before that jurisdiction vests for "dispositive decisions." *Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017). No defendant has appeared or consented to a magistrate judge's jurisdiction, so any dismissal of a claim requires an order from a district judge. Thus, the undersigned submits these findings and recommendations to a United States District Judge under 28 U.S.C. § 636(b)(l).

Thus, the clerk of the court is directed to assign a district judge to this case.

The undersigned has screened plaintiff's complaint and finds that plaintiff states the following two sets of claims:

1. claims against defendants Busby, Johnson, Gray and Gomez for retaliation in violation of the First Amendment; and

2. claims against defendants Busby, Johnson, Gray and Gomez for conspiracy to violate plaintiff's constitutional rights.

7

The undersigned recommends that the court allow plaintiff to proceed on these claims and dismiss without prejudice all other claims, namely plaintiff's claims against defendant Sullivan for unconstitutional conditions of confinement and the claims against defendants Burgess and Butler.

These findings and recommendations will be submitted to the district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days of service of these findings and recommendations, plaintiff may file written objections with the court. If plaintiff files such objections, he should do so in a document captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    September 11, 2018                                        
                                                              UNITED STATES MAGISTRATE JUDGE