UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN DEON TURNER, JR., <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM J. SULLIVAN, *et al.*, <br><br> Defendants. | Case No. 1:17-cv-01737-AWI-JDP <br><br> FINDINGS AND RECOMMENDATIONS THAT THE COURT GRANT DEFENDANTS' MOTION TO DISMISS AND DENY ALL OTHER PENDING MOTIONS <br><br> ECF Nos. 29, 32, 37 <br><br> OBJECTIONS DUE IN 14 DAYS |

Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. This matter is before the court on defendants' motion to dismiss, ECF No. 32, plaintiff's motion to amend, ECF No. 29, and plaintiff's motion for judgment against defendants, ECF No. 37. As explained below, defendants' motion to dismiss is granted, rendering the other pending motions moot.

**I.  Background**

Plaintiff alleges retaliation and conspiracy claims against defendants Busby, Johnson, Gray and Gomez.[1] Plaintiff alleges that these defendants acted in concert to create a false disciplinary charge against him that resulted in the loss of thirty days of credits along with some

---

[1] Plaintiff's complaint was screened and allowed to proceed on those cognizable claims, while claims against the other defendants were dismissed. *See* ECF Nos. 16, 22.

privileges. *See* ECF No. 23 at 60-62. On October 31, 2017, defendant Gray wrote up a rules violation report against plaintiff for dangerous contraband. *See id.* Plaintiff was found guilty of the disciplinary charge for dangerous contraband at a hearing on November 30, 2017. *See id.* at 61. This case proceeds on plaintiff's first amended complaint, ECF No. 23, which he filed on October 18, 2018. *See* ECF No. 26. Plaintiff seeks monetary damages and release from prison. *See* ECF No. 23 at 12-14. Defendants move to dismiss, arguing that this case is barred by the favorable termination rule.[2] *See* ECF No. 32-1.

**II.      Discussion**

A motion to dismiss brought under Rule 12(b)(6) "tests the legal sufficiency" of the complaint, and dismissal is "proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (internal quotation marks and citations omitted).

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated. The favorable termination rule laid out in *Heck* provides that claims that, if successful, would necessarily imply the invalidity of a conviction or sentence, must be brought by way of a petition for a writ of habeas corpus, after exhausting appropriate avenues for relief. *See Muhammad v. Close*, 540 U.S. 749, 750-51 (2004).

"The applicability of the favorable termination rule turns solely on whether a successful § 1983 action would *necessarily* render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement." *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003). In *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996), the court held that, "if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." But if the "action, even if successful, will *not* demonstrate the invalidity of any

---

[2] Defendants also argue that plaintiff failed to exhaust his administrative remedies. Because we find grounds for dismissal under *Heck*, we do not reach the question of administrative exhaustion.

2

outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Heck*, 512 U.S. at 487. "In evaluating whether claims are barred by *Heck,* an important touchstone is whether a § 1983 plaintiff could prevail only by negating 'an element of the offense of which he has been convicted.'" *Cunningham v. Gates,* 312 F.3d 1148, 1153-54 (9th Cir. 2002) (quoting *Heck*, 512 U.S. at 487).

Plaintiff seeks to bring a § 1983 suit challenging the alleged conspiracy and retaliation that led to a loss of good time credits for a disciplinary charge, but his claim is barred by *Heck v. Humphrey*. Here, if the court rules that plaintiff's rights were violated by defendants' conspiracy and retaliation, the ruling would imply that his conviction for the disciplinary charge is invalid. *See Heck*, 512 U.S. at 487. Therefore, plaintiff's complaint must be dismissed unless he can demonstrate that his conviction for the disciplinary charge has been invalidated. *See id.* Plaintiff has failed to demonstrate that his conviction has been invalidated. Therefore, this civil rights case is barred by the favorable termination rule.

### III. Findings and Recommendations

Plaintiff's case is barred by the favorable termination rule. We recommend that:

1. Defendants' motion to dismiss, ECF No. 32, be granted;
2. All other motions, ECF Nos. 29, 37, be denied as moot; and
3. This case be dismissed without prejudice.

These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within 14 days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: ____June 20, 2019____  
_____  
UNITED STATES MAGISTRATE JUDGE

3